# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv124

| | |
|---|---|
| ROBERTA ROBERTS GOFORTH, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MICHAEL J. ASTRUE, ) </br> Commissioner of Social Security, ) </br> ) </br> Defendant. ) </br>_____) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the parties' Unopposed Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 17].

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, the parties ask that upon remand, the Appeals Council

review the record and reassess whether Plaintiff is disabled. If the Appeals Council does not find that Plaintiff is disabled, the Appeals Council will remand the case to an Administrative Law Judge (ALJ) for further proceedings. The ALJ will be instructed to obtain medical expert evidence to assist with resolving the conflicting medical evidence of record. The ALJ will then proceed through the sequential evaluation process before issuing a new decision.

Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the parties' Unopposed Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 17] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council review the record and reassess whether Plaintiff is disabled. If the Appeals Council does not find that Plaintiff is disabled, the Appeals Council shall remand the case to an Administrative Law Judge (ALJ) for further proceedings. The ALJ shall obtain medical expert evidence to assist with

resolving the conflicting medical evidence of record. The ALJ shall then proceed through the sequential evaluation process before issuing a new decision.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: May 16, 2011

Martin Reidinger
United States District Judge